B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Carrie Smith | DEFENDANTS<br>Ahmed A. Ramadan |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Roger Manus             Douglas Q. Wickham<br>225 Hillsborough Street   PO Box 527<br>Raleigh, NC  27603       Raleigh, NC  27602 | **ATTORNEYS** (If Known)<br>Danny Bradford<br>455 Swistside Drive, Suite 106<br>Cary, NC  27518 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

to determine that debt is non-dischargeable under Section 523(a)(2).

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $12,975 plus attorney fees |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ahmed A. Ramadan | BANKRUPTCY CASE NO.<br>11-02734-8-SWH | |
| DISTRICT IN WHICH CASE IS PENDING<br>EDNC | DIVISION OFFICE<br>Raleigh | NAME OF JUDGE<br>Humrickhouse |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>9/2/11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Douglas Q. Wickham, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | |
| AHMED A. RAMADAN, | Case No. 11-02734-8-SWH |
| Debtor. | Chapter 7 |
| CARRIE SMITH, | |
| Plaintiff, | Adv. Proc.<br>No. 11-_____-8-SWH |
| Vs. | |
| AHMED A. RAMADAN, | |
| Defendant. | |

**COMPLAINT TO DETERMINE THAT DEBT
IS NOT DISCHARGEABLE UNDER SECTION 523(a)(2)**

Plaintiff, Carrie Smith, by the undersigned counsel, states:

1. This Court has jurisdiction under 11 U.S.C. § 523 and 28 U.S.C. § 1334. This adversary proceeding relates to this case under Chapter 7 of the Bankruptcy Code, now pending in this Court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. Plaintiff entered into an oral contract with the Debtor/Defendant whereby Defendant obligated himself to do restoration work on the interior of Plaintiff's home.

3. Plaintiff became a creditor of Defendant when the Defendant defrauded Plaintiff in connection with that contract, as further described below.

4. Defendant falsely represented to Plaintiff that: (1) the subflooring had been replaced, (2) new carpet had been put down, (3) she owed him $950 for plumbing work due to

the 2 pipes that burst during repairs, and (4) that he installed Pergo laminate wood flooring in the hallway.

5. In truth, (1) the subflooring had not been replaced, but had been covered by replacement carpet or flooring, (2) old carpet was put down instead of new, (3) the plumbing work due to the pipes that burst during repairs only cost $526.42, which Plaintiff had already paid to the plumbing contractor directly and in full, and finally (4) Defendant installed vinyl flooring in the hallway instead of Pergo flooring.

6. Defendant knew that these representations were false and deliberately made them with the intent to deceive and with the intent that Plaintiff rely on them.

7. Plaintiff reasonably believed and justifiably relied on Defendant's invoices and was thus induced to use her homeowner's insurance money to pay for materials that were never used and for services that the Defendant either never performed or performed in a manner inconsistent with the contract.

8. As a proximate result of these false representations, Plaintiff suffered damages in using up her insurance proceeds and being forced to incur additional debt to hire a second contractor to repair and finish Defendant's work.

9. Plaintiff is thus entitled to compensation for those damages in the amount of $4,125.00.

10. Around the same time, Defendant defrauded Plaintiff in connection with a second oral contract, this one having to do with renovation work on the outside of Plaintiff's house.

11. For this contract, Defendant billed Plaintiff for replacing 65 pieces of siding at $30 each, for a total of $1,950.

12. In truth, Defendant replaced only 20 pieces of siding, which at $30 each, would have cost $600.

13. Defendant deliberately made the false representation on the invoice for the siding work with the intent to deceive and with the intent that Plaintiff rely on it.

14. Plaintiff reasonably believed and justifiably relied on Defendant's invoice and was thus induced to pay for the work that was not done.

15. As a proximate result of this false representation, Plaintiff paid $200 of the overbilling for the work on the outside of the house and is entitled to compensation for that.

16. Said debts of $4,125 and $200 are not dischargeable under Section 523(a)(2) because they are based on the debtor's false pretenses, false representation, and actual fraud.

17. Defendant is engaging in conduct in or affecting commerce.

18. Defendant's fraudulent acts in the conduct of his business constitute unfair and deceptive trade practices.

19. These unfair and deceptive acts or practices are the proximate cause of injury to the Plaintiff.

20. Plaintiff's attorney has sent demand letters to Defendant and his attorney. The letters described the defects, informed Defendant of the possibility of litigation, and offered to settle out of court. Although deadlines were specified, to date no response has been received from Defendant. Thus, Defendant has refused without warrant to fully resolve this matter.

21. Because Defendant violated Plaintiff's rights under N.C. Gen. Stat. §75-1.1, she is entitled to receive a trebling of compensatory damages and attorney fees.

**WHEREFORE**, Plaintiff prays that this Court:

1. determine, under Code section 523(a)(2), that said debts are excepted from discharge

2. adjudge that there is due and owing the payment of:

   a. compensatory damages in the amount of $4,325,

   b. trebling of compensatory damages,

   c. reasonable attorney's fees,

   d. the costs of this action,

3. grant such other or further relief as to the court may deem just and proper.

This is the ___ day of September, 2011.

_____
Douglas Q. Wickham
Attorney for Plaintiff
Hatch, Little & Bunn, LLP
N. C. State Bar No. 013991
P. O. Box 527
Raleigh, NC 27602-0527
(919) 856-3940
(919) 856-3950 (fax)

_____
Roger Manus
State Bar No. 8891
Attorney for the Plaintiff
Senior Law Clinic Director
Campbell University
Norman Adrian Wiggins School of Law
225 Hillsborough Street
Raleigh, NC 27603
(919) 865-4693
(919) 865-5997 (fax)