**SO ORDERED.**

**SIGNED this 12 day of April, 2012.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                          CASE NO.

AHMED A. RAMADAN                                               11-02734-8-SWH

       DEBTOR

ORDER ALLOWING MOTION FOR RECONSIDERATION
AND STRIKING ORDER OF FEBRUARY 24, 2012

The matter before the Court is a motion filed by Gary Annino and Gennaro Vitale ("Movants") for reconsideration of the *ex parte* order entered on February 24, 2012 directing the debtor to produce certain documentation to Designer Glass of Louisburg ("Designer Glass") under Rule 2004 of the Federal Rules of Bankruptcy Procedure. Pursuant to that order, debtor's counsel produced a copy of a confidential settlement agreement between the debtor and the Movants to Designer Glass' counsel before the Movants' motion for reconsideration could be filed or heard. A hearing was held on March 20, 2012, in Raleigh, North Carolina. At the conclusion of the hearing, the court took the matter under advisement but directed counsel for Designer Glass to secure and prevent the distribution of all copies of the settlement agreement until further order. For the reasons that follow, the motion for reconsideration will be allowed.

**BACKGROUND**

Debtor Ahmed A. Ramadan owns G&G of Raleigh, LLC ("G&G"), which does business as Mirage Night Club & Sushi Lounge. On October 20, 2010, Designer Glass initiated an action against Ramadan and G&G in Wake County Superior Court seeking damages relating to labor performed and materials delivered to the Mirage Night Club in the amount of approximately $50,000 (the "state court lawsuit"). Subsequent to that, Ramadan and G&G instituted an action in Wake County Superior Court against Gennaro Vitale, Gary Annino, and GG Mirage, LLC (a limited liability company owned by Annino) relating to business and financial issues which had arisen between those parties (the "GG Mirage lawsuit"). The GG Mirage lawsuit was resolved with a confidential settlement agreement executed by the debtor, the Movants (Annino and Vitale), and GG Mirage (the "Settlement Agreement").

On April 7, 2011, Ramadan filed a chapter 13 case in this court. The case was converted to a case under chapter 7 on June 1, 2011, and David Warren was appointed chapter 7 trustee. Designer Glass is listed as an unsecured nonpriority creditor on the debtor's schedules.

On November 22, 2011, after becoming aware of its existence through conversations with the debtor and others, Designer Glass moved, in the state court litigation, to compel the production of the Settlement Agreement. The Movants objected to its production based on, among other things, the confidentiality provision contained in it. However, since the Superior Court granted a stay of all proceedings in the state court lawsuit pending the conclusion of the debtor's bankruptcy case, there has been no ruling on the motion to compel production of the Settlement Agreement.

On February 21, 2012, Designer Glass filed an *ex parte* motion in the bankruptcy case pursuant to Rule 2004 seeking production of the Settlement Agreement from the debtor. The

motion was not served on the Movants. Although the motion discloses that the debtor has no objection to production, it does not disclose that the other parties to the Settlement Agreement previously had objected to production of the document in state court or that such objection remained pending in that court. On February 24, 2012, this Court granted Designer Glass' *ex parte* Rule 2004 motion in accordance with Local Rule 2004-1 (2011), which sets out the *ex parte* procedure and provides for reconsideration of the order, if necessary.

The debtor's counsel produced the Settlement Agreement to Designer Glass's counsel via email on the morning of March 1, 2012.[1] Later that same day, after learning of the entry of the Rule 2004 order, counsel for the Movants contacted counsel for Designer Glass to request that the attachment to the email delivered by debtor's counsel (and containing the Settlement Agreement) not be opened. He was then advised that the attachment had in fact already been opened. The Movants then filed a motion seeking reconsideration of the Rule 2004 order in which they asked that the *ex parte* Order be stricken.

## DISCUSSION

Bankruptcy Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases. That rule permits reconsideration of an order for six listed reasons, the last of which is for "any reason that justifies relief." Rule 60(b)(6) F.R.Civ.P. As is set out below, the court finds that the facts provide sufficient justification for reconsideration of its February 24, 2012 order allowing Designer Glass' *ex parte* Rule 2004 motion.

---

[1] The Settlement Agreement contains a confidentiality provision, which sets out an exception to confidentiality in that the agreement is to be disclosed to third parties in response to a valid subpoena or judicial order compelling disclosure.

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that the court may order the examination of any entity relating "only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Rule 2004(a). The rule also permits the court to order the production of documents. Rule 2004(b). The scope of a Rule 2004 examination is broad and is often referred to as a sanctioned "fishing expedition"; it is in many ways a "pre-litigation device for assessing whether grounds exist to commence an action," Szadkowski v. Szadkowski (In re Szadkowski), 198 B.R. 140, 141 (Bankr. D. Md. 1996). A Rule 2004 examination is an inquisitory rather than an accusatory tool, and as such, is properly conducted during pre-litigation rather than pretrial. In re Symington, 209 B.R. 678, 684 (D. Md. 1997).

Because Rule 2004(a) provides that the court *may* order the examination of any entity, its plain meaning grants to bankruptcy courts complete discretion in determining whether a Rule 2004 examination is appropriate. French, 145 B.R. at 992; see also McLaughlin v. McPhail, 707 F.2d 800, 804 (4th. Cir. 1983) ("Rule 205 [now Rule 2004] commits to the sound discretion of the bankruptcy court the decision whether to require examination of a party."). Under the facts and circumstances of this case, the court's exercise of its discretion results in its conclusion that the February 24, 2012 order allowing Designer Glass's *ex parte* motion for production under Rule 2004 was improvidently granted.

One recognized limitation on the broad scope of Rule 2004 is the "pending proceeding rule," pursuant to which courts may preclude discovery under Rule 2004 based on the "existence of other pending litigation in which such discovery could be obtained." In re International Fibercom, Inc., 283 B.R. 290, 292 (Bankr. D. Ariz. 2002); see also, e.g., In re Bennett Funding

Group, Inc., 203 B.R. 24, 28-29 (Bankr. N.D.N.Y. 1996). The pending proceeding rule is often invoked once an adversary proceeding or contested matter has been commenced in a bankruptcy case, especially if the discovery sought through Rule 2004 goes "squarely to issues" involved in the pending litigation, in which case "application of the formal discovery rules is appropriate." In re Job P. Wyatt & Sons' Co., 2011 WL 5909534 (Bankr. E.D.N.C. 2011). In addition, courts can invoke the rule "where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee." In re Enron Corp., 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002). Some courts, however, find the rule inapplicable in situations where there is only non-bankruptcy collateral litigation. See, e.g, In re Mantolesky, 14 B.R. 973, 979 (Bank. D. Mass. 1981) ("[T]he law is clear that pending litigation by others against the person sought to be examined, and the possible use of 205 [now 2004] testimony in that collateral litigation, is not sufficient reason for denying examination.").

The "pending proceeding" prohibition of 2004 examinations, in litigation originating in different forums, is nevertheless subject to exceptions. "Discovery of evidence *related* to the pending proceeding must be accomplished in accord with more restrictive provisions of [the Federal Rules of Bankruptcy Procedure], while *unrelated* discovery should not be subject to those rules simply because there is an adversary proceeding pending." In re Washington Mut., Inc., 408 B.R. 45, 51 (Bankr. D. Del. 2009) (citing Bennett Funding, 203 B.R. at 29 (emphasis in original)). Therefore, a relevant inquiry, when a party requests a Rule 2004 examination and there is litigation in another forum is whether the Rule 2004 examination will lead to discovery of evidence *related*, or *unrelated*, to the pending proceeding. Washington Mut., 408 B.R. at 50. The difficult and relevant question is whether Designer Glass' *primary* purpose in the Rule 2004 examination/production is to further the administration of the bankruptcy case or to aid its

5

pending state court litigation. In light of the fact that a chapter 7 trustee has been appointed in this case and has represented that he is in possession of a copy of the Settlement Agreement, the court is satisfied that the interests of the estate and creditors in general will be protected with regard to any issues that may arise out of the Settlement Agreement, and it is therefore unnecessary to protect Designer Glass' interests in procuring *unrelated* information.

In this case, in light of the posture of the state court lawsuit, it is appropriate to recognize and apply the pending proceeding exception to the ordinarily broad scope given to Rule 2004 motions. Designer Glass attempted to procure a copy of the Settlement Agreement in the state court lawsuit, and was met with the vehement objection of the Movants, Annino and Vitale, as evidenced by the necessity for the filing of a motion to compel. The court considers Designer Glass's use of Rule 2004 on an *ex parte* basis, without serving or otherwise notifying the Movants of its intention to seek production of the Settlement Agreement in the bankruptcy case, to be an intentional "end run" around its lack of quick success in state court. While the *ex parte* nature of the motion may technically be in compliance with the local bankruptcy rules, Designer Glass must have known that if it had given the Movants notice of its intentions, they would have sought the opportunity to be heard by this court. In essence, Designer Glass took advantage of the *ex parte* aspect of the local rule, which is premised on the ability to have orders entered under that practice readily reconsidered. The problem is that the remedy of "easy reconsideration" is useless where, as here, the bell cannot be un-rung. Once the Settlement Agreement was produced and reviewed by Designer Glass's counsel, reconsidering and striking the order gives the Movants no real relief.

In sum, Designer Glass may have followed the letter of the law, but its crafty use of the rule veered sufficiently across the line to run counter to the spirit and purpose of the rule it

6

purported to use. Designer Glass could, after a hearing in which parties objecting to the production and attempting to enforce the confidentiality provisions had an opportunity to present opposing arguments, have sought to convince this court that production of the Settlement Agreement was warranted. Its use of speed and lack of notice to preclude the Movants from having any meaningful opportunity to object was inappropriate and, therefore, the court will strike the order of February 24, 2012, and prohibit the production of the Settlement Agreement.

Counsel for Designer Glass is directed to return all copies of the Settlement Agreement to counsel for the Movants and is prohibited from using the contents of the Settlement Agreement in any manner until and unless a court of competent jurisdiction orders otherwise. To that end, the court will entertain a motion for relief from stay to enable the Wake County Superior Court to resolve the motion to compel pending in the action before it.

**SO ORDERED.**

**END OF DOCUMENT**